**WHIZZER INDUSTRIES, INC.,**
Appellant,

v.

**WINDSOR STEEL PRODUCTS, LTD.,**
Appellee.

Nos. 13553, 13554.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1958.

Addison D. Connor, of Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., for appellant.

L. E. Wenger, Detroit, Mich., for appellee.

Before SIMONS and MILLER, Circuit Judges, and WEICK, District Judge.

PER CURIAM.

These two actions for breach of contract were filed by the appellee to recover the purchase price of certain metal heater frames and electric glass heating elements ordered by appellant and received by it from appellee, and for other such articles ordered by the appellant, produced by appellee, but with delivery thereof refused by appellant. Appellant's defense was that the glass heating elements were unfit for use because they frequently shattered within a short time after the heaters were connected to an electric circuit. The actions were consolidated for trial.

The question involved is whether the express warranty contained in the purchase orders applied only to the metal heater frames, which were not defective, or applied also to the glass, which was not manufactured by the appellee but was manufactured and supplied by Duplate Canada, Ltd. Under the somewhat unusual factual situation in this case, the District Judge found that the relation of vendor and purchaser did not exist between the appellee and the appellant with respect to the glass, that the appellee was merely acting as purchasing agent for the appellant in obtaining the glass from Duplate and transporting it on to appellant, and that there was no breach of warranty with respect to the glass upon the part of the appellee. Judgment was entered for appellee.

In so doing, the District Judge made a careful analysis of the factual situation and, in our opinion, reached the correct conclusion, as is fully explained in the opinion which he handed down. Windsor Steel Products, Ltd. v. Whizzer Industries, Inc., D.C., 157 F.Supp. 284.

For the reasons given by the District Judge, the judgment of the District Court is affirmed.